Filed 10/18/22  P. v. Hernandez-Newborn CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>MARCELINO HERNANDEZ-NEWBORN,<br><br>Defendant and Appellant. | C095616<br><br>(Super. Ct. No. 21FE006954) |

Appointed counsel for defendant, Marcelino Hernandez-Newborn, has asked this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.)  Finding no arguable error that would result in a disposition more favorable to defendant, we affirm the judgment.

BACKGROUND

On April 18, 2021, defendant dragged his sleeping wife "Jane Doe" from bed by her hair, then began assaulting her.  He punched her, slapped her, knocked her to the

1

floor, then repeatedly forced her up only to knock her down again. While she was on the floor, defendant stomped on Doe and "kneed her" in the face, causing her to see stars. At one point, while she was down, defendant repeatedly hit her with a remote control. After four hours, defendant stopped beating Doe, lay down next to her, and fell asleep; Doe fell asleep soon after.

The next morning, Doe woke up and took the children down the street where she called 911. Doe reported defendant beat her, but refused medical help. Law enforcement officers went to their home and arrested defendant. Doe was taken to the hospital and her injuries were photographed.

While in jail, defendant called Doe. Defendant apologized to Doe for assaulting her: "you shouldn't even have to take none of that." Doe told him her "face looks fuckin' horrible." Defendant apologized again: "I know it probably looks, looks worse now but I seen you this morning so I was just like what the fuck. Damn. I'm sorry though baby for real. I mean, I can't even, I can't think, I wish I could take this shit back. You know what I'm saying? I can't change nothing that happened."

The People charged defendant with inflicting corporal injury on his wife. (Pen. Code, § 273.5, subd. (a).) The People also alleged he was convicted of the same offense within the prior seven years. (Pen. Code, § 273.5, subd. (f)(1).) Defendant pleaded not guilty. He waived his right to a jury trial on the prior conviction allegation, but proceeded to a jury trial on the charged offense.

The jury found defendant guilty of the charged offense. The court found true the prior conviction allegation. The court sentenced defendant to the midterm of four years in state prison and terminated his probation in Sacramento County Superior Court case No. 20FE019937. Defendant appeals.

2

## DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d 436.) Defendant was advised of his right to file a supplemental brief within 30 days of the date the opening brief was filed. More than 30 days has passed and we have received nothing from defendant.

Having examined the record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.


_____

HULL, Acting P. J.



We concur:



_____

MAURO, J.



_____

BOULWARE EURIE, J.